UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SKYLAR WALKER,

Plaintiff,

v.

FREDETTE, et al.,

Defendants.
_______________________________/

Case No. 2:26-cv-12391

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER PARTIALLY DISMISSING CASE AND DIRECTING SERVICE**

Michigan prisoner Joseph Skylar Walker, proceeding pro se, sued numerous Defendants pursuant to 42 U.S.C. § 1983, and contested the medical care that he received while confined in February and March 2026. ECF No. 1. He alleged that he was given medication on two occasions and the medication caused him to have urinary issues that further required him to be hospitalized; that remedial treatment was delayed; and that he was not given more appropriate medication for his needs. Walker asserted a violation of his Eighth Amendment rights, as well as medical malpractice against all Defendants. He named nurses Fredette and Price, and the Michigan Department of Corrections ("MDOC") as Defendants and sued the nurses in their official and individual capacities. ECF No. 1, PageID.1. The Court granted Walker leave to proceed without prepayment of the filing fee for this case. ECF No. 10.

## LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of the rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While the notice pleading standard does not require detailed factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

**DISCUSSION**

Walker's complaint is subject to partial summary dismissal. Walker named the MDOC as a Defendant and sought monetary damages. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. The MDOC, a state agency, is not a "person" under § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), and confirming that the MDOC is not a "person" under § 1983). Consequently, the MDOC is not an entity subject to suit under § 1983. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

Furthermore, the Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will*, 491 U.S. at 66. "The State of Michigan . . . has not consented to being sued in civil rights actions in

the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020).

Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief, *id.* at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Here, Walker only sought monetary damages against the MDOC, *i.e.*, the State of Michigan, based on past conduct. His § 1983 complaint against the MDOC must therefore be dismissed.

Last, Walker also failed to state a viable claim against the MDOC. It is well-established that a plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based on a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676 (collecting cases). At a minimum, a plaintiff must allege facts to show that the defendant "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Walker failed to do so with respect to the MDOC. He did not allege any facts that explained what the MDOC did to violate his rights. Rather, he merely listed the MDOC as a Defendant in his case caption. Consequently, he

failed to state a claim upon which relief may be granted against the MDOC in his complaint.[1]

Walker's remaining claims about his medical care and alleged violations of his Eighth Amendment rights against Fredette and Price appear to state plausible, potential claims for relief under § 1983, *see, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021), and may state viable medical malpractice claims against them under Michigan law. Consequently, those claims are not subject to summary dismissal.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the claims against the MDOC are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a copy of the complaint and this order are to be **SERVED** upon Fredette and Price by the United States Marshal without prepayment of costs.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 28, 2026

[1] The same applies to any state law claims against the MDOC. Walker failed to assert a medical malpractice claim (or any state law claim) against the MDOC in his complaint and failed to allege any facts to support such a claim or establish liability.